```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 09-14157-CIV-GRAHAM
                        MAGISTRATE JUDGE P. A. WHITE

ADAM J. MOTLOW,              :

      Plaintiff,             :

v.                           :    REPORT OF MAGISTRATE
                                       JUDGE
                                      (DE#39)
WALTER MCNEIL, et al,        :

      Defendants.            :
_____
```

The plaintiff, Adam Motlow filed a second motion for a temporary restraining order (TRO) (DE#39). The plaintiff, who suffers from diabetes, and resulting eye disease, claimed he was being forced to work on the outside grounds, which was detrimental to his health. He argued that Defendants Dr. Bhadia and Brooks-Campbell failed to notify the prison officials of his medical condition, which would preclude him from working on the grounds, in retaliation for filing a civil rights complaint against them.

The defendants filed a response in opposition (DE#40), claiming that this claim for retaliation does not relate back to the initial complaint. The Court, upon reviewing the motion and the defendant's response, found the claim of retaliation by the named defendants did relate back, pursuant to F.R.C.Pr. 15(c). The defendants were ordered to respond to the issue on the merits.

This Cause is before the Court upon the plaintiff's second motion for a TRO (DE#39), and the Department of Corrections Response. (DE#51).

The preliminary injunction the plaintiff seeks is an

extraordinary remedy.  See California v. American Stores Company, et al., 492 U.S. 1301 (1989). The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. Such relief is an extraordinary remedy.  The standard for issuing a preliminary injunction, is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted. Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1128 (11 Cir. 2005) (citations omitted), cert. denied, 126 S.Ct. 2862 (2006).

In this case, the plaintiff is clearly not entitled to a preliminary injunction. The defendants have stated in their response(DE#51) that at the time the job assignments were made, Correctional Probation Senior Officer Krista Murray recommended to the Institutional Classification Team (ICT) that the plaintiff work outside the institution. At that time she was unaware of any medical condition or of any pending legal matters (Exhibit A, affidavit of Murray)

The plaintiff then filed a series of grievances. When Dr. Bhadja was made aware of the plaintiff's assignment change he was asked to review the plaintiff's grievance to the Warden. Upon reviewing the grievance, Dr. Bhajda signed the form to restrict the plaintiff's current job assignment to inside the institution, based upon his current health condition. (Exhibits D&E)

Upon receipt of the paperwork of Dr. Bhajda, Murray made the

2

recommendation to the ICT to change Motlow's job assignment from outside work to inside the gate. The ICT approved Murray's recommendation. (Exhibit A). There is no longer any case or controversy and this case is therefore moot. Soliman v United States, 296 F.3d 1237, 1243-44 (11 Cir. 2002).

Further, this action was handled by the Department of Corrections administratively, upon the filing of the plaintiff's grievances, and the plaintiff has not demonstrated that the actions taken were retaliatory.

Recommendation

There is no longer any case or controversy, and it is therefore recommended that this motion for temporary restraining order (DE#39) be denied as moot.

Objections to this Report and Recommendation may be filed within fourteen days following receipt.

Dated at Miami, Florida, this 10th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Adam J. Motlow, Pro se
    DC#181009
    Okeechobee CI
    Okeechobee, FL
    Address of record

Steven Lury, Esq.
Counsel for Defendant Bhadja
Counsel of record

Kiernan Moylan, AAG
Office of the AAG
Attorney of record