UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-14157-CIV-GRAHAM/GOODMAN

ADAM J. MOTLOW,

    Plaintiff,

v.

WALTER MCNEIL, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS

### I. Introduction

This cause is before the undersigned Magistrate Judge on motions for summary judgment (DE# 79, filed 04/13/2010) and to dismiss for failure to prosecute and comply with pretrial order (DE# 85, filed 07/28/2010) by Defendant Dr. Haridas Bhadja.[1] The case was assigned to me on July 28, 2010 (DE# 86, filed 07/29/2010).

Pursuant to a preliminary report by Magistrate Judge Patrick A. White (DE# 21), and adopted by District Judge Donald L. Graham (DE# 48), this case is proceeding against Bhadja on the Plaintiff's claim for denial of medical care under the Eighth Amendment. Specifically, Plaintiff complains that Bhadja delayed needed medical treatment on his left eye.

Plaintiff, a prisoner at the Okeechobee CI, has not responded to either motion.[2] As outlined below, I recommend that the motion to dismiss for lack of prosecution and

---

[1] Bhadja is the lone remaining defendant in this case. Defendant Walter McNeil was dismissed from this action (DE# 48) by District Judge Donald L. Graham because the allegations in the complaint did not state a cause of action against him. Judge Graham also granted Defendant Brooks-Campbell's motion for summary judgment and ordered that the case proceed only against Defendant Bhadja (DE# 84).

[2] According to public data on the Florida Department of Correction's website, the plaintiff's address has not changed; he still resides at the Okeechobee CI. Fla. Dep't of Corrections, Offender Information Search,

failure to comply with pretrial court orders be granted or, in the alternative, that Bhadja's motion for summary judgment be granted.

## II.     Failure to Prosecute or Comply with Court Order

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss an action if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order.  *See also Equity Lifestyle Props., Inc v. Fla. Mowing & Landscape Serv.*, 556 F.3d 1232, 1240-42 (11th Cir. 2009).

The complaint in this *pro se* prisoner civil rights case was filed on May 13, 2009 (DE# 1).  An Order was entered on June 1, 2009 (DE# 6) which, in relevant part, provided as follows:

> It is the plaintiff's responsibility to actively pursue this case, obtain any essential discovery, file all necessary pleadings and motions and otherwise comply with all scheduling orders and prepare the case for trial.

Service of process was accomplished upon the defendants at public expense.  The defendants answered the complaint and a scheduling order was entered on January 22, 2010 (DE# 50), to progress the case to trial readiness.  The scheduling order required Plaintiff to file a pre-trial statement by June 21, 2010.  Plaintiff was specifically cautioned that "failure to file the Pretrial Statement may result in dismissal of this case for lack of prosecution."

Plaintiff has filed nothing in this case since February 17, 2010.  He failed to file the pretrial statement required by paragraph four of the scheduling order, which, as mentioned above, specifically cautioned Plaintiff that failure to file the pretrial statement could result in dismissal of the case for lack of prosecution.  He failed to respond to the motion for summary judgment, even though the Federal Rules of Civil Procedure require him to do so.[3]  Finally, he failed to respond to the motion to dismiss for lack of prosecution.

---

http://www.dc.state.fl.us/appcommon/searchall.asp (DC# 181009) (last visited Sept. 13, 2010).

[3]     Under the recently amended Rule 56, a party opposing summary judgment *must* file a response.  *Compare* Fed. R. Civ. P. 56(c)(1)(B) ("a party opposing the motion *must* file a response within 21 days after the motion is served") *with id.* (c)(1)(C) ("the movant *may* file a reply within 14 days after the response is served") (emphases added).

2

By all objective evidence, Plaintiff has plainly abandoned this lawsuit. It is therefore recommended that the motion to dismiss for lack of prosecution or to comply with court orders (DE# 85) be granted.

### III. Summary Judgment on Denial of Medical Care Claim

Defendant Bhadja also moves for summary judgment on the denial of medical care claim under the Eighth Amendment. Bhadja argues that he is entitled to summary judgment because the undisputed evidence shows that he did not deliberately withhold medical treatment from Plaintiff.

The motion for summary judgment is governed by Local Rule 7.5(d), which provides that "[a]ll material facts set forth in the movant's statement [of material facts] filed and supported as required by Local Rule 7.5(c) will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." *See also Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1987) (on a properly supported motion for summary judgment, the non-movant "bears the burden of coming forward with sufficient evidence of every element that he or she must prove").

To prevail on an Eighth Amendment claim based on the denial of medical care, a plaintiff must prove a prison official's deliberate indifference to the inmate's serious medical need rising to the level of an unnecessary and wanton infliction of pain. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Thus, "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *see also Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997) ("an official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate"); *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989) ("knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference").

Bhadja submitted a copy of Plaintiff's deposition in support of his summary judgment motion. According to Plaintiff's deposition testimony, he arrived at the Okeechobee CI in June 2008. He saw an optometrist for an annual eye examination on October 9, 2008. He saw an optometrist again for a follow-up appointment on October 29, 2008. Plaintiff complained that he saw "floaters," which impaired his vision. Fifteen days later, on November 13, 2008, he saw an ophthalmologist at an outside facility. Plaintiff testified that he did not believe the 15-day lapse between these appointments constituted a delay in treatment. His complaint appears to be about the delay between his arrival at the facility in June 2008 and his ophthalmology examination in November 2008.

Plaintiff's deposition testimony does not indicate that Bhadja knew Plaintiff was experiencing eye problems:

> Q: And . . . . Would you agree with me, sir, that if there are not five requests, or four requests or any request from June of 2008 in your medical record that such records do not exist, and you did not write them?
>
> A: Back in June?
>
> Q: In June of 2008. If in a review of your records, Inmate, we don't find any requests from June of 2008 to Dr. Bhadja or anybody asking for you to be seen by an ophthalmologist, if that is true and they are not in your records, would you agree with me that it did not occur? In other words, you did not write those request?
>
> A: Yes, sir.
>
> Q: If you didn't write those requests, Inmate, and Dr. Bhadja was not put on notice by you that you were having problems with your vision or you wanted to be seen by an ophthalmologist, would you agree that he had no obligation to send you to an ophthalmologist?
>
> A: Yes, sir.
>
> . . . .
>
> Q: Am I correct in that you are only faulting Dr. Bhadja for delay in medical care and treatment dating back to June of 2008 when you first arrived here at Okeechobee Correctional?
>
> A: Yes, sir.

4

> Q: All right. So anything after June 2008, as far as you were concerned, **there was no delay on the part of Dr. Bhadja in you receiving medical care and treatment; is that a fair statement?**
>
> **A: Yes.**
>
> Q: All right. And, again, you'd agree that if in review of the medical records there were no requests from you in June of 2008 related to your eyes, you'd agree that Dr. Bhadja didn't have any information, didn't have knowledge, wasn't put on alert that you were having any problems with your eyes, correct?
>
> A: Not of my recollection.
>
> . . . .
>
> Q: Okay. So again, you told me there were five requests, but we can't find those five requests. So if there are no requests, you'd agree with me -- and we're talking June 2008. You'd agree with me that Dr. Bhadja had no knowledge that you were having any problems with your eyes?
>
> A: Yes.
>
> Q: And he shouldn't have had any knowledge that you were having problems with your eyes, if you didn't tell him because you were the only person that would know that, correct?
>
> A: Yes.
>
> Q: So if he wasn't put on notice by you in June of 2008 that you were having problems, **you'd agree that there was no delay in you receiving medical care and treatment on the part of Dr. Bhadja, correct?**
>
> A: **Yes,** sir.

(DE# 81-2, at 43-45) (emphasis added).

Based on Plaintiff's own testimony, I find that Plaintiff's unrebutted deposition testimony supports Bhadja's statement of material facts that he did not deliberately delay medical care for Plaintiff because he did not know Plaintiff was experiencing eye problems.[4] Under Local Rule 7.5, the Court must accept as true Bhadja's statement that

---

[4] It may well be that, in light of Plaintiff's admission that **Bhadja** did not delay his receipt of medical treatment, Plaintiff decided that he did not have a claim

he did not know of Plaintiff's condition and therefore did not delay Plaintiff's receipt of medical care. Bhadja's statement of fact is supported by evidence in the record and is not controverted by Plaintiff. Consequently, Plaintiff therefore cannot maintain a claim against Bhadja for denial of medical care in violation of the Eight Amendment because there is no evidence in the record that Bhadja knew of Plaintiff's eye problem. Accordingly, it is recommended that, in the alternative to dismissing this case for lack of prosecution, Bhadja's motion for summary judgment (DE# 79) be granted.

### IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen (14) days after being served with a copy of this Report and Recommendation to serve and file written objections, if any, with the Honorable Donald L. Graham, United States District Judge. Each party may file a response to the other party's objection within 14 days of the objections. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this report and bar the parties from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

RESPECTFULLY RECOMMENDED in Chambers, at Miami, Florida, September 13, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

---

against Bhadja and for that reason has failed to prosecute this case. Regardless of the motivation underlying Plaintiff's decision to abandon the case, the significant point is that he has not pursued the case and has not in any way opposed the summary judgment motion.

6

<u>Copies furnished to:</u>
The Honorable Donald L. Graham
All counsel of record

Adam J. Motlow, **PRO SE**
DC #181009
Okeechobee Correctional Institution
3420 N.E. 168 Street
Okeechobee, FL 34972-4824